1  AMANDA SOOFER (bar number 278536)
2  Email: AMANDA@SADAF.COM
   2828 South Alameda Street.
3  Los Angeles, California 90058
4  Phone Number (323)234-6666, ext. 151

6  Attorney for Plaintiff Soofer Company Inc. dba Sadaf Foods

IN THE UNITED STATES DISTRICT COURT,

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVSISON

| | |
|---|---|
| SOOFER COMPANY INCORPORATION., dba SADAF FOODS, a California corporation,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>VITAPLUS US INCORPORATION, a California corporation; and Does 1-10,<br><br>　　　　　Defendants. | Case No.: 2:15-cv5928<br><br>COMPLAINT FOR:<br>(1) TRADEMARK INFRINGMENT UNDER 15 U.S.C. §§ 1114 AND 1125(a)<br>(2) TRADEMARK DILUTION UNDER U.S.C. §1125(a)<br>(3) UNFAIR COMPETITION AND FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)<br>(4) UNFAIR COMPETITION AND FALSE ADVERTISING UNDER CAL. BUS. & PROF. CODE §§ 17200 and 17500, *ET. SEQ*<br>(5) CONTRIBUTORY TRADEMARK INFRINGMENT; AND<br>(6) COMMON LAW INJURY TO BUSINESS REPUTATION |

- 1 -
COMPLAINT FOR TRADEMARK INFRINGMENT, FALSE OR MISLEADING ADVERTISING, UNFAIR COMPETITION, ETC.

Plaintiff Soofer Company Incorporation., dba Sadaf Foods (hereinafter "Plaintiff" or "Soofer"), by their attorney, as and for their complaint against Vitaplus U.S. Inc., a California corporation, (hereinafter referred to as "Defendant"), and DOES 1-10, inclusive, and each of them, alleges as follows:

## THE PARTIES

1. Soofer Company Incorporation, dba Sadaf Foods, ("Plaintiff" or "Soofer") is, and at all times mentioned herein is a corporation organized under the laws of California, since 1982, with its principal place of business at 2828 South Alameda Street, Los Angeles, California, 90058. Widely recognized in the food industry, Soofer owns numerous U.S. Trademarks registrations for "SADAF®," since early as March 5, 1985.

2. On information and belief, Vitaplus US Incorporation ("Defendant" or "Vitaplus") is, and at all times mentioned herein was, a corporation organized under the laws of California, with its principal place of business at 2984 Washington Blvd, #342, Fremont, California 94538.

3. Plaintiff is presently unaware of the true names of the Defendants identified in the Complaint under the fictitious names Does 1-10. On information and belief, Does 1-10 are unlawfully and unfairly using, without authorization, Plaintiff's SADAF® trademark, and confusingly similar variations thereof, in connection with food

products. Plaintiff will amend its Complaint to identify the names of the Doe Defendants as they are discovered.

## JURISDICTION AND VENUE

4. This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051 *et seq*., and under the common law of the State of California, and related causes of action arising from Defendant's improper use of Plaintiff's protected trademark. This Court has subject matter jurisdiction over the federal trademark, false advertising, and unfair competition claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §1331, §1338. The Court has subject matter jurisdiction over the related California state law claims pursuant to 28 U.S.C. §1338.

5. Plaintiff is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendant because Defendant maintains their principal place of business in the State of California. Defendant also have extensive contacts with, and conduct business within, the State of California and this judicial district; Defendant have sold products bearing the protected trademark; the causes of action asserted in this Complaint arise out of Defendants' contacts with this judicial district; and because Defendant have caused tortious injury to Plaintiff in this judicial district.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(a), in that the Defendant is subject to personal jurisdiction in this district at the time the action is commenced, and under 28 U.S.C. §§ 1391(b) and (c) because a substantial part events

giving rise to the claims occurred in this district; Defendant have extensive contacts with, and conduct business within, the State of California and this judicial district; Defendant have sold products bearing the protected trademark in this judicial district; and because Defendant have caused tortious injury to Plaintiff in this judicial district.

## FACTUAL BACKGROUND

### Soofer's Business and SADAF® Trademark

7.      Plaintiff is a leading manufacturer, importer, distributor and packer of food products under its brand SADAF ® since1982 in California. Plaintiff has over 800 products such as Sadaf® tea, Sadaf® Grapeseed oil, Sadaf® Olive Oil, Sadaf® spices and Sadaf® rice under the brand SADAF®. Plaintiff's brand, SADAF® is enormously successful and its food products are sold across the United States in all markets, such as Target®, Whole Foods®, Wal-Mart® and ethnic stores throughout the United States and Canada.  The plaintiff strongest brand recognition is in its home state, California.

8.      Since at least as early as February 1982, Plaintiff has continuously used the highly distinctive trademark SADAF® to market and sell its food products throughout the United States and the world.

9.      Plaintiff has devoted substantial time, effort, and resources to the development and extensive promotion of the SADAF® mark and the products offered.  As a result of Plaintiff's efforts, the public has come to recognize and rely upon the SADAF® mark as an indication of the high quality products associated with Plaintiff's food

products.

10. In addition to the advertising, as early as 1982, the Plaintiff has attended tradeshows in the United States in California, New York, Washington, Chicago, and New Jersey, as well as International in Paris, France, as early as to promote and develop and create its SADAF® name and products.

11.   On March 5, 1985, the United States Patent & Trademark Office ("PTO") issued to Plaintiff, U.S. Trademark Registration Numbers. 1,323,540, (registration date, March 5, 1985) for the mark and Shell logo in the, 1,324,860, (registration date, March 12, 1985) for the mark and Shell logo, 2,930,155 (registration date, March 8, 2005), for the mark SADAF® in connection with over a hundred staple food items, including various Spices, Teas, Rice, Oils, and Beans.  A true and correct copy of this registration is attached as **Exhibit 1**.

12.    The SADAF® registration is in full force and effect on the PTO's Principal Register, and gives rise to presumptions in favor of Soofer with respect to validity, ownership, and exclusive rights to use the SADAF® mark in the food industry throughout the United States pursuant to 15 U.S.C § 1065.

13.   As early as 1996, the plaintiff also owns, developed, and operates on the web-browser, www.sadaf.com, www.sadaffoods.com, the social media pages, Sadaf® Facebook®, Sadaf® Instagram® and Sadaf® Twitter® and Sadaf® Youtube®

14. In addition to its own advertising efforts, Plaintiff has been the subject of many unsolicited stories in national publications and television programs such as *The Los Angeles Times*, *Food & Beverage Magazine* and *Food Networks Healthy Eats* highlighting the quality and popularity of SADAF® products.

15. As a result of Plaintiff's long-term and widespread use of the SADAF® mark in the United States via Internet, television, radio, and print advertising, and continuous and unsolicited media coverage, the SADAF® mark enjoys a high degree of consumer recognition and has become a famous mark within and outside of the United States.

### **DEFENDANTS' UNLAWFUL AND UNAUTHORIZED USE OF SADAF®**

16. Upon information and belief, Defendant is operating and selling a food product, specifically, rice bearing the SADAF® Trademark.

17. On or about July 2015, Plaintiff became aware that Defendant was operating selling, and still sell, rice bearing the SADAF® Trademark in Newark, California.

18. Defendant is not authorized, and never has been authorized, by Plaintiff to use any of Plaintiff's Trademarks.

19. Defendant's use of the SADAF® Trademarks on any food product is likely to create confusion as to the source of food product bearing the SADAF® trademark. Consumers are likely to believe that Defendant's SADAF® and food products are associated with Plaintiff's products, when in fact they are not. Such confusion is likely

to damage Plaintiff's ability to interact with its consumers, stores, and industry as the Defendant is selling in the same marketplace as the Plaintiff.

20.   On or about May 12, 2015, the United States Patent and Trademark Office, issued a Section2 (d) Refusal to the Defendant for registering the mark "SADAF SHAHI," for likelihood of confusion with Plaintiff's mark SADAF®,

*"Registration of the applied-for mark **SADAF SHAHI** (in standard character format) is refused because of a likelihood of confusion with the marks **SADAF** (in typed form) and **SADAF and shell design** in U.S. Registration Nos. 1323540, 1324860 and 2930155.  Trademark Act Section 2(d), 15 U.S.C. §1052(d); see TMEP §§1207.01 et seq."* [i] A true and correct copy of the Refusal Notice is attached as **Exhibit 2**.

21.   In order to increase its rice products, Defendant engage in a number of activities that infringe, dilute, and tarnish Plaintiff's SADAF® trademark, and constitute false advertising and unfair competition. For example, Defendant, without authorization, have placed a United Stated Federal Registration Mark symbol, ®, on its rice product after the word SADAF®. A true and correct copy of Defendant rice product on July 20, 2015, is attached as **Exhibit 3**.

22.   Defendants' unauthorized use of Plaintiff's SADAF ® mark, and confusingly similar variations thereof, is likely to confuse, mislead, and deceive consumers as to the source of products.

23. On information and belief, Defendant knew or should knew that are engaging in all of the activities alleged in this Complaint, and that the activities of the Defendant serves to confuse and lure potential SADAF® customers to purchase Defendant's food product.

24. Plaintiff has not consented to, sponsored, endorsed, or approved of Defendant's use of the SADAF® trademark or any variations thereof in connection with the manufacture, marketing, or sale of any products or services.

25. On information and belief, Defendant's actions are willful and reflect an intent to confuse consumers and profit from the goodwill and consumer recognition associated with Plaintiff's mark.

26. The Defendant's products that Defendant is marketing and selling are offered through the same channels of distribution and to the same target customers as Plaintiff's SADAF® food products.

27. Plaintiff sent demand letters to Defendant, Vitaplus U.S. Inc., on or about July 20, 2015, July 21, 2015, July 22, 2015, and July 27, 2015 informing them of Plaintiff's valuable trademark rights and demanding that they cease all use of the SADAF® trademark. A true and correct copy of the letters are attached as **Exhibit 4.**

28. As of the date of this Complaint, Defendant continues to use the SADAF® trademark, and confusingly similar variations of the SADAF® trademark, without authorization. Defendant's failure to comply with Plaintiff's demands demonstrates a

deliberate intent to continue wrongfully competing with Plaintiff and to willfully infringe Plaintiff's rights in the SADAF® trademark.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement under 15 U.S.C. §§ 1114 and 1125(a) against all Defendants)

29.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1- 28 of this Complaint.

30.      The actions of Defendant described above and specifically, without limitation, their unauthorized use of the SADAF® trademark, and confusingly similar variations thereof, in commerce to advertise, promote, market, and sell Defendant's food product throughout the United States including California, constitute trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a).

31.     The actions of the Defendant, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the SADAF® mark, and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

32.     Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover damages in an amount to be determined at trial, profits made by Defendant's sales of its rice products, and the costs of this action. Furthermore, Plaintiff is informed and believes, and on that

basis alleges, that the actions of the Defendant were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

## (Federal Trademark Dilution under 15 U.S.C. §1125(c) against all Defendants)

33. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 - 32 of this Complaint.

34. The actions of Defendant described above and specifically, without limitation, their unauthorized use of the famous SADAF® trademark, and confusingly similar variations thereof, in commerce to advertise, market, and sell Defendant's rice product throughout the United States including California, are likely to cause dilution by blurring and tarnishment in violation of 15 U.S.C. § 1125(c).

35. The actions of the Defendant, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the SADAF® mark, and injury to Plaintiff's business. Plaintiff is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. 1125(c).

36.  On information and belief, the actions of the Defendant described above were and continue to be deliberate and willful. Plaintiff is therefore entitled to recover damages in an amount to be determined at trial, profits made by Defendant's sales of Defendant's rice products, and the costs of this action pursuant to 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION

## (Federal Unfair Competition and False Advertising under 15 U.S.C. §1125(a) against all Defendants)

37.  Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1- 36 of this Complaint.

38.  Defendant's actions described above and specifically, without limitation, Defendant's use of the SADAF® trademark and confusingly similar variations thereof, in commerce to advertise, market, and sell Defendant's food products throughout the United States including California; their misleading use of The United States Patent and Trademark Office federal registration symbol, ® after the word SADAF® on their packaging; and Defendant's knowledge, participation, and inducement thereof, constitute unfair competition and false advertising in violation of 15 U.S.C. § 1125(a).

39.  Consumers are likely to be misled and deceived by Defendants' representations regarding Plaintiff's food product.

40.  Defendant knew or should have known that their statements were false or likely to mislead.

41.     As an actual and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial, and unless Defendant is enjoined, Plaintiff will continue to suffer irreparable harm and damage to its business, reputation, and goodwill.

42.     Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to damages for Defendant's Lanham Act violations, an accounting for profits made by Defendant's sales of food products, as well as recovery of the costs of this action. Furthermore, Plaintiff is informed and believes, and on that basis alleges, that Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## **FOURTH CAUSE OF ACTION**

## **(Statutory Unfair Competition and False Advertising under California Business and Professions Code §§ 17200 and 17500 *et seq*. against all Defendants)**

43.     Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 – 42 of this Complaint.

44.     Defendant's actions described above and specifically, without limitation, Defendant's use of the SADAF® trademark, and confusingly similar variations thereof, in commerce to advertise, market, and sell Defendant's food products

throughout the United States and California; their misleading use of The United States Patent and Trademark Office federal registration symbol, ® after the word SADAF® on their packaging; and Defendant's knowledge, participation, and inducement thereof, constitute trademark infringement, false advertising, and unfair competition in violation of the laws of the State of California.

45. By these actions, Defendant has engaged in false advertising and unfair competition in violation of the statutory law of the state of California, Cal. Bus. & Prof. Code §§ 17200 and 17500, *et seq.,* and, as a result, Plaintiff has suffered and will continue to suffer damage to its business, reputation, and goodwill.

46. As a direct and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendant is restrained, Plaintiff will continue to suffer irreparable damage.

### FIFTH CAUSE OF ACTION

### (Contributory Trademark Infringement Vitaplus U.S.Inc)

47. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 - 46 of this Complaint.

48. The actions of Defendant described above and specifically, without limitation, their knowledge, participation, and inducement of the unauthorized use of the SADAF® trademark, and confusingly similar variations thereof, in commerce to advertise, market, and sell food products throughout the United States and California,

constitute contributory trademark infringement in violation of federal law and the common law of the State of California.

54. The actions of Defendant, if not enjoined, will continue. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the SADAF® mark, and injury to Plaintiff's business.

55. On information and belief, the actions of the Defendant described above were and continue to be deliberate and willful.

## SIXTH CAUSE OF ACTION

### (Common Law Injury to Business Reputation)

56. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 - 55 of this Complaint.

57. Plaintiff alleges that Defendant's wrongful use of Plaintiff's trademark SADAF® insures to and creates a likelihood of injury to Plaintiff's business reputation because persons encountering the Defendant and its product and services will believe that Plaintiff is affiliated with or related to or has the approval of Plaintiff, and any adverse reaction by the public to Defendants and the quality of its product and the nature of its business will injure the business reputation of Plaintiff and the goodwill it enjoys in connection with its mark "SADAF®."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against the Defendant as follows:

A. That Plaintiff be granted injunctive relief under 15 U.S.C. § 1051 *et seq.*; California Business and Professions Code § 17200, and federal law and California common law of contributory trademark infringement and vicarious trademark infringement; specifically, that Defendant and all of their respective officers, agents, servants, representatives, employees, attorneys, and all other persons acting in concert with them be enjoined from:

   1. using the SADAF® mark, or any mark confusingly similar to the SADAF® mark or logo, in connection with the marketing, promotion, advertising, sale, or distribution of any food products or services;

   2. making or inducing others to make any false, misleading or deceptive statement of fact, or representation of fact in connection with the promotion, advertisement, packaging, display, sale, offering for sale, manufacture, production, circulation or distribution of SADAF®

B. That Defendant files, within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which the Defendant has complied with the terms of the injunction;

C.      That Defendant be ordered to correct any erroneous impression persons may have derived concerning the nature, characteristics, or qualities of either Defendant's products or Plaintiff's SADAF® products, including without limitation:

    1.      the sending of a registered letter (with a copy to Plaintiff) to all supermarkets, requesting that Defendant's food product bearing SADAF® be removed from the shelf and stores.

D.      That Defendant be adjudged to have violated 5 U.S.C. § 1125(a) by unfairly competing against Plaintiff by using false, deceptive or misleading descriptions or representations of fact that misrepresent the nature, quality and characteristics of Plaintiff's products;

E.      That Defendant be adjudged to unlawfully and unfairly compete against Plaintiff under the laws of the State of California, Cal. Bus. & Prof. Code § 17200, *et seq.*;

F.      That Defendant be adjudged to have competed unlawfully and unfairly against Plaintiff by engaging in false or misleading advertising under the laws of the State of California, Cal. Bus. & Prof. Code § 17500, *et seq.*;

G.      That Plaintiff be awarded damages pursuant to 15 U.S.C. § 1117(a), sufficient to compensate it for the damage caused by the Defendant's false and misleading statements;

H.      That Plaintiff be awarded Defendants' profits derived by reason of said

acts, or as determined by said accounting;

I. That such damages and profits be trebled and awarded to Plaintiff and that it be awarded its costs, attorneys' fees and expenses in this suit under 15 U.S.C. § 1117, as a result of Defendants' willful, intentional, and deliberate acts in violation of the Lanham Act;

K. That Plaintiff be awarded damages in an amount sufficient to compensate it for the damage caused by Defendants' unfair competition and false advertising under California Business and Professions Code §§ 17200 and 17500 *et seq*. and contributory trademark infringement and vicarious trademark infringement under federal law and California common law;

L. That Plaintiff be granted prejudgment and post judgment interest;

M. That Plaintiff be granted costs associated with the prosecution of this action; and

N. That Plaintiff be granted such further relief as the Court may deem just.

DATED: August 6, 2015

/S/
Amanda Soofer (CA Bar No. 278536).

Attorney for Plaintiff.
Soofer Company Inc., dba Sadaf Foods.

---

[i] Heather D. Thompson, Esq, United States Patent and Trademark Office, Trademark Examining Attorney. *Office Action (Official Letter) About Applicant's Trademark Application* (May 12, 2015), *http://tsdr.uspto.gov/documentviewer?caseId=sn86520886&docId=OOA20150512120945#docIndex=0&page=1* , accessed on July 29, 2015.

COMPLAINT FOR TRADEMARK INFRINGMENT, FALSE OR MISLEADING ADVERTISING, UNFAIR COMPETITION, ETC.