# EXHIBIT 4

# TO COMPLAINT



2828 South Alameda Street, Los Angeles, CA 90058   Phone (323) 234-6666 n Fax (323) 234-234-2447   www.sadaf.com

Page **1** of **2**

July 20, 2015

<u>Via Email</u>: vitaplususa@gmail.com

Re: Trademark and Copyright Infringement

Dear Mr. Mirwais Ashabudin,

    Please note, I am the legal and litigation counsel for Soofer Company Inc.  It has been brought to our attention that Vita Plus USA has been marketing and selling rice under our trademark Sadaf® and trade dress of our protected seashell associated with Sadaf®. This letter is to inform you of VitaPlus USA direction violation of the United States federal statues of Title 15 of the Lanham Act, specifically trademark infringement.

    As you are aware, Soofer Company Inc, dba Sadaf Foods has been trademarked with the United States Patent and Trademark Office since 1982, our trademarks are registered 2930155, 2059662, 1324860, and 1323540, which are all equally the trade name and distinct design of the trade name, Sadaf® is protected, in fact rice is included under our trademark protection. Sadaf® is recognized nationwide by all consumers for its distinct design, name, and quality of products in the market, which has been in development for the last 30 years.

    It has to come to Soofer Company's attention that numerous sales have contacted Sadaf® regarding the rice. Unfortunately, this is unacceptable. Your product has directly created a confusion that it belongs to Soofer Company Inc. Your actions constitute, *inter alia*, willful trademark infringement, unfair competition, in violation of the Section 43, of the Lanham Act, and subject you to monetary damages including treble damages based on the willful nature of the infringement.

    Soofer Company Inc., takes these violation of its intellectual property very seriously and seeks to resolve this matter without resorting to ligation. According, please immediately confirm that you and all your affiliated companies, employees and representatives will immediately:

1. Cease and Desist from any and all use of the mark SADAF and any version of the mark SADAF
2. Cease and Desist from any and all use of the trade dress sea shell associated with the mark SADAF



Exhibit 4 page 1



2828 South Alameda Street, Los Angeles, CA 90058   Phone (323) 234-6666 n Fax (323) 234-234-2447   www.sadaf.com

Page **2** of **2**

3. Cease and Desist from any and all sales, offers, distribution, advertising and//or marketing associated with the mark SADAF
4. Cease and Desist from any and all sales, offers, distribution, advertising and//or marketing associated with the sea shell associated with the mark SADAF
5. Deactivate any link associated with the mark SADAF
6. Cease all use of Soofer Company's Inc name, image, or likeness in connection with any product, or service.
7. Provide us with your company's sales sheets showing sales by unit volume and dollar amount for each product packaged with our name; any catalogs and/or other advertising or promotional materials depicting our mark SADAF or sea shell trade dress.

**We further demand that you immediately confirm to us in writing, no later than 5:00 PM Pacific Standard Time, on July 20, 2015**, your intent to comply with our demands. If I do not receive written confirmation from you that you are complying with this demand then I will assume that you intend to continue to violate Soofer Company's federal rights and action will be taken accordingly with the claims trademark infringement, contributory unfair competition, among other claims.

This letter is written without prejudice to any of Soofer Company, Inc.'s rights and remedies, all of which are specifically reserved.

I look forward to the swift and amicable resolution to this matter.

Kindly,

*Amanda Soofer*

Amanda Soofer, Esq.
Legal Counsel
323-234-6666*151

Cc: Fari Soofer, Dariush Soofer, Ladan Ghajar

Exhibit 4
page 2

# LAW OFFICES OF SANJAY BHARDWAJ

Sanjay Bhardwaj, Esq.

7.20.15

Amanda Soofer. Esq.
Legal Counsel
Sadaf Foods
2828 South Alameda Street
Los Angeles CA 90058

Dear Ms Soofer:

Vita Plus US, Inc. has retained our law offices on trademark matters. We have filed for registration of the mark SADAF SHAHI for the product of rice and enriched rice.

It is our understanding that you have registered some time ago SADAF and SADAF and shell design for marketing a variety of food products. You also claim that you have registration of rice product as well with SADAF.

Since our "to be registered" mark is SADAF SHAHI, where we use the word SADAF with a meaning of pearl as opposed to sea shell and due to dilution of the mark by using it simultaneously for a variety of food products, we believe that SADAF SHAHI presents an entirely different commercial impression with no possibility or likelihood of confusion. Our use of the mark on the product bags clearly depicts SADAF SHAHI with equal emphasis and same font. A picture of the "pearl" is also provided to clearly let customers distinguish it from a seashell that you claim to be the meaning. The customers or buyers are likely to spend $20 to $35 for a 10 pound bag of rice. The buyers will be careful choosers for this quantity and quality of rice that they seek, instead of buying on impulse for smaller items like pickle and other food variety that you sell. We therefore are of good faith belief that there is no reasonable likelihood of confusion.

As already stated, we are in the process of registering the mark SADAF SHAHI with USPTO. If you claim actual confusion, please provide us with concrete evidence of the buyers or customers, their phone number or contact information so that this could be ascertained.

In case you still have issues, please work with us to amicably respond. We have no intention to dilute or otherwise engage in any trade practices prejudicial to your business. Please contact our offices for any proof of claimed actual conflict regarding sales. Our contact cell number is 510 207 8283.

Yours Sincerely,

// Sanjay Bhardwaj   //
(SANJAY BHARDWAJ)
Counsel for Trademark Matters
VITAPLUS US INC.

44663 Japala Pl, Fremont CA 94539  510-651-2755  510-573-0572 (fax)  http://www.lawoffices-sb.com

Exhibit 4
page 3

## Amanda Soofer

| | |
|---|---|
| **From:** | Amanda Soofer [amanda@sadaf.com] |
| **Sent:** | Tuesday, July 21, 2015 9:32 AM |
| **To:** | 'Sanjay Bhardwaj' |
| **Cc:** | 'vitaplususa@gmail.com'; Dariush Soofer; Fari Soofer |
| **Subject:** | RE: SADAF SHAHI VITA PLUS US INC |

Dear Mr. Bhardwaj,

Please be advised, I am in receipt of your letter. As you are aware, the United States Patent and Trademark Office issued you a letter refusing your mark on May 12, 2015, stating a Section 2(d) refusal for likelihood of confusion with our mark as you can see below. Therefore, at this time we will give you until **5:00 PM today PST** to comply with our cease and desist letter and to withdraw this product from the market, or we will go forward with suit.

Kindly,

Amanda Soofer, Esq.

## SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION

Registration of the applied-for mark **SADAF SHAHI** (in standard character format) is refused because of a likelihood of confusion with the marks **SADAF** (in typed form) and **SADAF and shell design** in U.S. Registration Nos. 1323540, 1324860 and 2930155. Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.* See the enclosed registrations.

Trademark Act Section 2(d) bars registration of an applied-for mark that so resembles a registered mark that it is likely a potential consumer would be confused, mistaken, or deceived as to the source of the goods and/or services of the applicant and registrant. *See* 15 U.S.C. §1052(d). A determination of likelihood of confusion under Section 2(d) is made on a case-by case basis and the factors set forth in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973) aid in this determination. *Citigroup Inc. v. Capital City Bank Grp., Inc.*, 637 F.3d 1344, 1349, 98 USPQ2d 1253, 1256 (Fed. Cir. 2011) (citing *On-Line Careline, Inc. v. Am. Online, Inc.*, 229 F.3d 1080, 1085, 56 USPQ2d 1471, 1474 (Fed. Cir. 2000)). Not all the *du Pont* factors, however, are necessarily relevant or of equal weight, and any one of the factors may control in a given case, depending upon the evidence of record. *Citigroup Inc. v. Capital City Bank Grp., Inc.*, 637 F.3d at 1355, 98 USPQ2d at 1260; *In re Majestic Distilling Co.*, 315 F.3d 1311, 1315, 65 USPQ2d 1201, 1204 (Fed. Cir. 2003); *see In re E. I. du Pont de Nemours & Co.*, 476 F.2d at 1361-62, 177 USPQ at 567.

**From:** Sanjay Bhardwaj [mailto:bhardwajsa@cs.com]
**Sent:** Tuesday, July 21, 2015 8:43 AM
**To:** Amanda@sadaf.com
**Subject:** SADAF SHAHI VITA PLUS US INC

Amanda:

*Exhibit 4*
*page 4*

Please find attached letter on the matter, following your emailed letter.

Our mark is SADAH SHAHI and creates a completely different commercial impression.

Please let us know.

Sanjay Bhardwaj, Esq.
Law Offices of Sanjay Bhardwaj
44663 Japala Pl
Fremont CA 94539

510 651 2755
510 207 8283
bhardwajsa@cs.com



Exhibit 4
page 5

**Amanda Soofer**

**From:** Sanjay Bhardwaj [bhardwajsa@cs.com]
**Sent:** Tuesday, July 21, 2015 10:14 AM
**To:** amanda@sadaf.com
**Subject:** Fwd: Your Response

Ms Amanda,

Received your quick response. As is apparent from your materials, this is not final determination on registration.

Examining attorney has given us 6 months to respond on our Mark of SADAF SHAHI. We seek your help in determining actual confusion as well as likelihood of same. Give us data from the field that confusion is actually happening.

We have taken reasonable and determined steps to distinguish and avoid confusion. A related company of VitaPlus US has registration for SADAF SHAHI in UK for a number of years.

Please cooperate with us to provide anecdotal data of actual confusion.

Sanjay Bhardwaj, Esq.

## Amanda Soofer

| | |
|---|---|
| From: | Amanda Soofer |
| Sent: | Tuesday, July 21, 2015 10:34 AM |
| To: | Sanjay Bhardwaj |
| Cc: | vitaplususa@gmail.com; Dariush Soofer |
| Subject: | Re: Your Response |

Dear Mr. Bhardwaj,

   We have been in business for 30 years in the food industry with this mark. We have trademarked Sadaf in rice amongst hundred or other products. We are well known in both the ethnic and American mainstream market for Sadaf.
   Under no circumstance will we allow this mark, please be advised my previous email stands, you have until **5:00PM PST to comply** with my cease and desist letter and to remove this product from the market or we are filing suit.

Kindly,

Amanda Soofer, ESQ.

On Jul 21, 2015, at 10:14 AM, Sanjay Bhardwaj <bhardwajsa@cs.com> wrote:

> Ms Amanda,
>
> Received your quick response. As is apparent from your materials,
> this is not final determination on registration.
>
> Examining attorney has given
> us 6 months to respond on our Mark of SADAF SHAHI. We seek your help in
> determining actual confusion as well as likelihood of same. Give us data from
> the field that confusion is actually happening.
>
> We have taken reasonable and
> determined steps to distinguish and avoid confusion. A related company of
> VitaPlus US has registration for SADAF SHAHI in UK for a number of
> years.
>
> Please cooperate with us to provide anecdotal data of actual
> confusion.
>
> Sanjay Bhardwaj, Esq.


Exhibit 4 page 7

## Amanda Soofer

**From:** Amanda Soofer
**Sent:** Wednesday, July 22, 2015 8:50 AM
**To:** bhardwajsa@cs.com
**Cc:** vitaplususa@gmail.com; Dariush Soofer; Fari Soofer
**Subject:** VitaPlus Inc

Dear Mr. Bhardwajsa,

   From your non response we assume that you are not complying with our cease and desist letter, therefore we will be filing accordingly.
   Please be advised, as a trademark attorney you should that this Mark will not be approved by the USPTO and you should advise your client that the mark is a confusion mark to our goods.
As stated we have registered this market for over 30 years. We are in the food industry with this market in all streams of the market, all ethnic stores and main stream markets. It does not matter what is trademarked in the UK, this is United States of America.
  The mark Sadaf is our mark, on your bag you have written Sadaf in large.
You are going to incur your client additional and unnecessary costs. As a trademark attorney you should guide your client in the right way.

Kindly,

Amanda Soofer

Exhibit 4
page 8

1

# LAW OFFICES OF SANJAY BHARDWAJ

Sanjay Bhardwaj, Esq.

7.22.15

Amanda Soofer. Esq.
Legal Counsel
Sadaf Foods
2828 South Alameda Street
Los Angeles CA 90058

Dear Ms Soofer:

As you know, Vita Plus US, Inc. has retained our law offices on trademark matters. We have filed for registration of the mark SADAF SHAHI for the product of rice and enriched rice.

It is the position of VITAPLUS US Inc. that we will wait for the approval and registration of SADAF SHAHI as a trademark by the USPTO before importing rice with this mark or selling it in US. The company does not intend or plan to make any sales or imports in violation of any laws.

In the meantime, please cooperate with us in providing anecdotal evidence of actual confusion that you have encountered with names and contacts of buyers, customers or other stream of commerce participants. Please back your claims that mark SADAF SHAHI is leading to confusion. Your failure to provide with such evidence may be taken by us as well as by USPTO as evidence of benign coexistence of the two marks, precluding any likelihood of confusion.

I look forward to your cooperation.

Yours Sincerely,

// Sanjay Bhardwaj //
(SANJAY BHARDWAJ)
Counsel for Trademark Matters
VITAPLUS US INC.


Exhibit 4
page 9



2828 South Alameda Street, Los Angeles, CA 90058   Phone (323) 234-6666 n Fax (323) 234-234-2447
www.sadaf.com

Page 1 of 2

Dear Mr. Bhardwaj,

I am in receipt of your letter dated July 22, 2015. Please be advised that your client is already is in violation. The rice is already being sold under our mark SADAF® in large, in our marketplace. Therefore, your statement that *"we will wait for the approval and registration…before importing rice with this mark or selling it in the US"* is a misleading and a false statement. Attached please find a copy of the receipt from the store, Trinethra Indian Super Market, 39207 Cedar Blvd, Newark, California, 94560.

Kindly note, we are in contact with Ms. Heather Thompson at the United States Patent and Trademark Office. VitaPlus is infringing on our federally registered mark, name, symbol, design, trade dress and color. Your application is a copy of our mark in all ways. Please take the time to read the refusal notice sent to you by the United States Patent and Trademark Office, *"Given the described similarities between marks and goods/services, confusion is likely and registration must be refused."* (Office Action, by Heather Thompson, dated May 12, 2015)

There is no need to point out the similarities, it is beyond obvious, if you like you can google Sadaf® or go to www.sadaf.com.

In fact, we are shocked to see that on your bag you have placed a ® after Sadaf® on the bag, that in itself is a trademark infringement.

You may advise your client this is our intent to sue letter, we have already started the process of preparing the lawsuit, which will be filed with the court shortly for federal trademark infringement, unfair

Exhibit 4
page 10



2828 South Alameda Street, Los Angeles, CA 90058   Phone (323) 234-6666 n Fax (323) 234-234-2447
www.sadaf.com

Page **2** of **2**

competition, common law trademark infringement, common law unfair competition, false advertising under federal law, false advertising under state law, as well as contributory and vicarious trademark infringement and we will be seeking $250,000.00 dollars for willful, intentional, and deliberate acts in violation of the Lanham Act, account of profits, compensatory, treble, and/or statutory damages and further relief as the Court deems just and proper for already selling a product with our mark, SADAF®. Please note, this is not all the claims we will seek, we reserve all the rights given to us by law and the USPTO.

If you would like to resolve this matter, you must comply with our cease and desist notice and withdraw this product from the market and discontinue using our mark immediately. As I mentioned, this is the United States of America and we have been federally registered for over 30 years. As a trademark attorney you have the duty to advise your client on the trademark regulations. Your client will incur additional and unnecessary costs.

Kindly,

/s/

Amanda Soofer, ESQ.

Exhibit 4 page 11

Exhibit 4
page 12

```
           Trinethra Indian Super Markets
                   39207 Cedar Blvd
                   Newark, CA  94560


                      Sales Receipt


Transaction #:        152423
Date:  7/20/2015      Time:  2:16:33 PM
Cashier:  455         Register #:  2


Item    Description                          Amount
=====================================================
4501177223330SELLA RICE 10LB SADA            $13.99

                                -------------------
                            Sub Total        $13.99
                                Total        $13.99

                    Credit Card Tendered     $13.99
                    Card: XXXXXXXXXXXX7291
                         Auth: 111264
                           Change Due         $0.00


                      *152423*
                 Thank you for shopping
              Trinethra Indian Super Markets
              We hope you'll come back soon!
              No return on frozen, dairy and
                       produce items
```

Exhibit 4
page 13

## Amanda Soofer

| | |
|---|---|
| From: | Sanjay Bhardwaj [bhardwajsa@cs.com] |
| Sent: | Wednesday, July 22, 2015 4:52 PM |
| To: | Amanda Soofer |
| Subject: | Re: trademark infringement |

Ms Soofer,

The evidence so far is that of sale of a product, not that the buyer is taking this bag to have originated from SADAF and not SADAF SHAHI.

Please provide customer/buyers who are taking our rice bag as your source.

Sanjay Bhardwaj, Esq.

Exhibit 4
page 14

1

## Amanda Soofer

**From:** Amanda Soofer
**Sent:** Wednesday, July 22, 2015 5:13 PM
**To:** 'Sanjay Bhardwaj'
**Cc:** Dariush Soofer; 'vitaplususa@gmail.com'
**Subject:** RE: trademark infringement
**Attachments:** FullSizeRender.jpg

Dear Mr. Bhardwaj,

With all due respect, as a trademark attorney you know the regulations, we have the registered mark SADAF®, look at the bag, you have written SADAF® *and* on the bag it states, "Sadaf brings you…" Sadaf® is our mark, our name, our goodwill for over 30 years. You are willful, intentional, and deliberate violating the Lanham Act and our rights. My last letter stands.

Kindly,

Amanda Soofer, Esq.

**From:** Sanjay Bhardwaj [mailto:bhardwajsa@cs.com]
**Sent:** Wednesday, July 22, 2015 4:52 PM
**To:** Amanda Soofer
**Subject:** Re: trademark infringement

Ms Soofer,

The evidence so far is that of sale of a product, not that the buyer is taking this bag to have originated from SADAF and not SADAF SHAHI.

Please provide customer/buyers who are taking our rice bag as your source.

Sanjay Bhardwaj, Esq.



Exhibit 4
page 15

1

**Amanda Soofer**

| | |
|---|---|
| **From:** | Amanda Soofer |
| **Sent:** | Monday, July 27, 2015 2:53 PM |
| **To:** | 'Sanjay Bhardwaj' |
| **Cc:** | 'vitaplususa@gmail.com'; Dariush Soofer; Fari Soofer |
| **Subject:** | Final Notice: Intent to Sue. |

**Final Notice: Intent to Sue.**

*Via email only.*

Dear Mr. Bhardwaj,

Please be advised, this is the final notice to cease and desist from using our registered trademark SADAF®, the lawsuit will be filed in federal court within 48 hours, if I do not hear back from you by **5:00PM PST today (July 27, 2015) that you will comply with my cease and desist, remove the products from the store, and cease using our name.**

As a trademark attorney, you should advise your client that they have violated our trademark by not only placing a ® after Sadaf on the bag, but writing "Sadaf brings" you on the packaging. That in itself a violation of the Lanham Act. I am sure you have advised your client that this is the United States of America and Soofer has federally registered SADAF® in the United States Trademark Office since 1985. Our trademark means we have the exclusive right to use SADAF® on all food products we have registered and no one else can use our mark in the food industry. As I have mentioned, we have registered SADAF® in the rice group, therefore, no one including your client in the United States can use Sadaf for a rice packaging. As I have mentioned, it does not matter if you have this product in the UK. I also hope you have advised your client on trademark rights, regulations, and consequences. I suggest if you do not agree then bring a soda drink with the mark COKE® (in large) with a small SHAHI, just as you did with our product, and see if COKE® will allow it.

In additionally, I hope you have explained to your client the refusal letter from the USTPO, and its value it holds in the courts. The letter itself states the goods are in the same market place, and the likelihood of confusion. Regardless of the point, your client has placed a ® after Sadaf on the packaging and as I mentioned above that itself is a violation. First, you do not own SADAF to place a ® and Second, you do not even have a federal registration granted.

The federal courts of the United States will find in favor of Soofer with respect to validity, ownership, and exclusive rights to use the SADAF mark throughout the United States in the food industry as we have had the name since 1985. The courts will also find that our company has devoted substantial time, effort, and resources to the development and extensive promotion of the SADAF® our brand and products, not to mention we own www.sadaf.com, and www.sadaffoods.com as well as Sadaf on all social medias. Therefore, there is absolutely no need to introduce you to consumers who are confused by your product, as your product is already in violation by stating SADAF in large with a ® symbol which you have no right to use.

You will be able to read the rest of claims and actions in our suit if you wish to go forward.

Lastly, per my last email, please explain to your client, they are about to incur a huge amount of unnecessary costs. As a business man in UK, your client should understand the repercussions of using someone's brand name.


Exhibit 4
page 16

If you wish to call me, please feel free, however, as mentioned above, if I do not hear back from you by 5:00PM PST today (July 27, 2015) that you will comply with my cease and desist, remove the products from the store, and cease using our name the lawsuit will be filed within 48 hours. **Please be advised any correspondence sent after 5:00pm will not be responded and will be deemed outside the window.**

Kindly,

/s/
Amanda Soofer, Esq.
323-234-6666*151



Exhibit 4
page 17